William E. Ringel, J.
The defendant, arrested without a warrant, has been charged with a violation of section 3305 of the Public Health Law, a misdemeanor. The defendant claims that his arrest was without probable cause and the search and *727 seizure of the contraband from his person was illegal. He moves to suppress the item seized, a white paper packet containing heroin.
At the hearing, the arresting officer testified he had received a telephone call from a reliable confidential informant who told him that a male Chinese, describing his clothing, sitting in front of 45-47 Bayard Street with two shopping bags, was purportedly selling vegetables but was actually trafficking in narcotics.
Proceeding immediately to the scene, the officer observed the defendant sitting on the stoop of the designated building wearing the described clothing, with two shopping bags as described and in front of him a crate with vegetables on it. The officer identified himself, took the defendant into a nearby hallway, and from his right jacket pocket removed a white paper packet containing a white powder which, on analysis, proved to be heroin.
During the protracted cross-examination of the officer and towards its end, the officer volunteered the statement that the informant had told him that he had seen a white paper packet in the defendant’s hand and had observed the defendant put it in his pocket. He said the informant knew it was heroin because it was packed in the type of package circulated in the Chinatown area.
The District Attorney testified that just prior to the instant hearing, in the presence of the arresting officer, he had interviewed and questioned the confidential informer. The informer told the District Attorney the facts substantially as that testified to by the officer. In addition, the informer told the District Attorney that he had purchased narcotics from this defendant without stating when such purchase was made, and that the narcotics were wrapped in white paper packets similar to those sold by other Chinese dope traffickers.
The practice of interviewing and questioning a confidential informer in the presence of the arresting officer after the defendant’s arrest where the District Attorney intends to testify to such conversation in order to buttress the People’s evidence, is undesirable and is disapproved. Such practice leads to intolerable situations fraught with the greatest danger. It is conceivable that an informer, motivated by his desire to curry favor with the police and the District Attorney, might tailor his observations to conform to the facts disclosed after an unlawful arrest and an illegal search, thereby trying to make legal that which is clearly illegal.
The burden of establishing probable cause for an arrest, without warrant, rests upon the People (People v. Malinsky, *728 15 N Y 2d 86). On a hearing of a motion to suppress the court is the arbiter of the facts (People v. Lombardi, 18 A D 2d 177, affd. 13 N Y 2d 1014; People v. Lopez, 19 A D 2d 809; Code Crim. Pro., § 813-c). The officer did not see the defendant commit a crime in his presence and had no right to arrest the defendant without probable cause. The fact that heroin was actually removed from the defendant’s pocket cannot validate an otherwise illegal arrest (United States v. Di Re, 332 U. S. 581; People v. Loria, 10 N Y 2d 368).
The court finds that on all of the testimony offered on this hearing, probable cause to arrest the defendant was lacking (Aguilar v. Texas, 378 U. S. 108; Brinegar v. United States, 338 U. S. 160; People v. Malinsky, supra; People v. Marshall, 13 N Y 2d 28; People v. Martin, 13 N Y 2d 326; People v. Coffey, 12 N Y 2d 443; People v. Kramer, 38 Misc 2d 889; Code Crim. Pro., § 177).
The People contend that probable cause may be spelled out from the testimony of the police officer, together with the testimony of the District Attorney. It is claimed, relying on the authority of People v. Malinsky (supra) that the District Attorney’s testimony supplied independent verification of the informer’s story and this, coupled with the corroboration of the fact of the informer’s existence, plus the fact that the informer supplied the information which led to the arrest, amply supports a finding of probable cause.
In this contention, the District Attorney is in error. While Malinsky and Coffey both support the conclusion that independent verification and corroboration of the informer’s existence may be relied on to establish probable cause, nevertheless such independent verification must exist before the defendant’s arrest, not after. In determining the issue of probable cause, the court may not consider facts elicited by the District Attorney from the confidential informant after the defendant’s arrest. The law is clear that to justify an arrest, probable cause to make it must exist at the time of the arrest (United States v. Di Re, supra; People v. Loria, supra). If probable cause does not exist at the time of the arrest, then the arrest is illegal and a search which reveals contraband is likewise illegal.
The People further contend that the legality of the arrest in this case may be sustained on the authority of Draper v. United States (358 U. S. 307). Draper is inappropriate. In Draper, the existence and reliability of the confidential informant, who died before the trial, was not challenged. In the instant case, the informer’s reliability is a crucial issue. The arresting officer’s testimony that he does not know where the informant *729 lives, where he may be contacted, whether he is employed, whether he uses narcotics, or when he purchased narcotics from the defendant, puts the informer’s reliability very much in doubt. Furthermore, the specifics of actual cases in which the informer allegedly gave information to this officer were not supplied even though it was testified that he had furnished information in some 50 other eases. The informant’s unexplained appearance to be interviewed by the District Attorney on the very day of the hearing, although he did not testify at the hearing, casts considerable doubt on the police officer’s indorsement of the informant’s reliability.
The court finds that the People have failed to sustain the burden of establishing probable cause to arrest the defendant.
The motion to suppress is granted.